Filed: 7/16/2018 3:24 PM
Janice Staples
District Clerk
Anderson County, Texas
Alicia Herbertson

DCCV18-407-349
NO. _____

| | | |
|---|---|---|
| ANITA TEDFORD | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | ANDERSON COUNTY, TEXAS |
| | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| and | § | |
| WAL-MART, INC.. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURES

TO THE HONORABLE COURT:

COMES NOW ANITA TEDFORD, Plaintiff, in the above entitled and numbered cause, complaining of and against WAL-MART STORES TEXAS, LLC and WAL-MART, INC.., Defendants herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A. DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff, ANITA TEDFORD requests a Level 3 discovery control plan.

### B. PARTIES

2.      ANITA TEDFORD is an individual residing in. Leon County, Texas.

3.      Defendant WAL-MART STORES TEXAS, LLC, is a Foreign Limited Liability Company (LLC) doing business in Texas and may be served with service of process by serving its Registered Agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

4.     Defendant WAL-MART INC, is a Foreign Limited Liability Company (LLC) doing business in Texas and may be served with service of process by serving its Registered Agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

## C.  JURISDICTION AND VENUE

4.     Venue is proper in Anderson County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 *et seq.* because all or a substantial part of the events or omissions giving rise to the claims arose in Anderson County, Texas.  This Court has jurisdiction over the parties and subject matter hereof.

## D.  FACTS

5.     At all times material hereto, Defendants were the owners, managers, operators and/or occupiers of the premises in question, specifically the premises known as Wal-mart Supercenter Store #345, located at 2223 S. Loop 256, Palestine, Anderson County, Texas.  At all times material hereto, Defendants were in control of said premises.

6.     Whenever it is alleged in this Petition that Defendants did or failed to do any act or thing, it is meant that such commission or omission was performed or omitted by an agent, servant, representative, employee and/or manager of Defendants, and that in each instance the agent, servant, representative, employee and/or manager was then acting for and on behalf of Defendanst and within the course and scope of his/her employment or within the authority delegated to him/her by Defendants.

7.     On or about August 7, 2016, while on Defendants' premises, as Wal-mart Supercenter Store #345, located at 2223 S. Loop 256, Palestine, Anderson County, Texas, Plaintiff ANITA TEDFORD suffered serious and permanent bodily injuries as a direct result of an occurrence

caused by Defendants' negligent activity and/or a dangerous condition on the Defendants' premises that Defendants and/or its respective agents, servants and employees knew, or in the exercise of ordinary care should have known existed. Specifically, Plaintiff slipped and fell on a puddle of water. The incident and Plaintiff's resulting injuries and damages were directly and proximately caused by Defendants' negligence and/or a defective condition on Defendants' premises. At all times material hereto, Plaintiff was an invitee on Defendants' premises.

### E. NEGLIGENCE/PREMISES LIABILITY.

8.    The condition described above was negligently created and/or allowed to exist by Defendants, and Defendants negligently allowed it to persist without correcting it or adequately warning the public, including Plaintiff, of its presence. Defendants were negligent in one or more of the following particulars, each of which, separately and/or concurrently, was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages:

a.    In negligently failing to provide Plaintiff a safe place to shop;

b.    In negligently permitting a dangerous condition to exist in the area of the store where Plaintiff was shopping;

c.    In negligently permitting a dangerous condition to exist in the area of the store where Plaintiff was shopping for an unreasonable amount of time;

d.    In failing to inspect the area of the store where the incident occurred to ensure its safety to store patrons/invitees, including Plaintiff;

e.    In failing to perform adequate, regular and/or timely inspections of the area of the store where the incident occurred to ensure its safety to store patrons/invitees, including Plaintiff;

f.    In failing to adequately maintain the premises in question in a reasonably safe condition;

g.    In failing to adequately and timely remove or remedy the dangerous condition as described above;

h.   In failing to properly supervise and train its employees with regard to proper inspection of the store for the existence of dangerous conditions such as the one described above;

i.   In failing to properly supervise and train its employees with regard to proper and timely removal of dangerous conditions, such as the one described above, existing on Defendants' premises;

j.   In failing to follow Defendants' own policies with regard to inspection of the premises in question for dangerous conditions existing on Defendants' premises;

k.   In failing to adequately warn Plaintiff of the unreasonably dangerous condition described above;

l.   In failing to prevent the unreasonably dangerous condition described above from occurring or existing;

m.   In permitting the unreasonably dangerous condition described above to exist when Defendants knew or should have known of its existence and that it posed an unreasonable risk of bodily harm;

n.   In failing to provide barriers so that the public, including Plaintiff, would not walk in the area where the incident occurred; and

o.   In failing to exercise reasonable care to reduce or eliminate the risk posed by the unreasonably dangerous condition described above.

9.   Defendants had actual or constructive knowledge of the unreasonably dangerous condition described above and that it posed an unreasonable risk of bodily injury.

10.   In the alternative, Defendants reasonably should have known of the existence of and dangers posed by the unreasonably dangerous condition described above.

11.   Nothing Plaintiff did or failed to do caused or contributed to cause the incident in question or her resulting injuries and damages.

12.   Defendants' negligence described above directly and proximately caused the incident in question and Plaintiff's resulting injuries and damages.

## F.  RESPONDEAT SUPERIOR

13.     The person and/or persons who worked in the Defendants' store were agents, servants and/or employees of Defendants and were acting within the course and scope of their employment and in furtherance of Defendant's business when Plaintiff was at the Wal-mart Supercenter Store.  As Such Defendants WAL-MART STORES TEXAS, LLC and WAL-MART, INC. are responsible for the conduct due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior.

## G.  NO CONTRIBUTION

14.     Plaintiff, ANITA TEDFORD, would show that nothing she did, or failed to do, in any way contributed to this accident.

## H..  DAMAGES

15.     Due to the occurrence made the basis of this suit and the negligence of Defendants as set forth above, the Plaintiff sustained significant physical and debilitating injuries.  Said elements of damage which Plaintiff seeks to recover from the Defendants include compensation for the following:

      a.    The physical pain and disability sustained by Plaintiff from date of injury to the time of trial;

      b.    Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

      c.    Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

      d.    Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

      e.    Loss of earnings sustained by Plaintiff from date of injury to time of trial;

      f.    Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

g.  Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

h.  Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiffs in the future for treatment of Plaintiff's injuries;

i.  Past and future physical disfigurement; and

j.  Past and future physical impairment.

16.  As such, Plaintiff affirmatively pleads that she seeks monetary relief aggregating over $200,000.00 but less than $1,000,000.

## I.  REQUEST FOR JURY TRIAL

17.  Plaintiff requests a jury trial.

## J.  PRE-EXISTING INJURY

18.  In the alternative, Plaintiff, ANITA TEDFORD, would show that if any injury and/or condition from which she currently suffers was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendants herein.

## K.  SUBSEQUENT INJURY

19.  In the alternative, Plaintiff, ANITA TEDFORD, would show that if she suffers from any subsequent injury and/or condition then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## L.  REQUEST FOR DISCLOSURE

20.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within fifty (50) days of service of this document, the information or material described below.  Please serve your responses on counsel representing this Plaintiff, and produce true and correct copies of all documents and other tangible items with your responses, in accordance with Rule 194.4.

21.    Plaintiff requests disclosure of the following, pursuant to Rules 194.2(a) through 194.2(l):

    (a)    the correct names of the parties to the lawsuit;

    (b)    the name, address, and telephone number of any potential parties;

    (c)    the legal theories and, in general, the factual bases of Defendant's claims or defenses;

    (d)    the amount and any method of calculating economic damages;

    (e)    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

    (f)    for any testifying expert:

        (1)    the expert's name, address, and telephone number;

        (2)    the subject matter on which the expert will testify;

        (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of Defendant, documents reflecting such information;

        (4)    if the expert is retained by, employed by, or otherwise subject to the control of Defendant:

            (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

            (B)    the expert's current resume and bibliography;

    (g)    any discoverable indemnity and insuring agreements;

    (h)    any discoverable settlement agreements;

    (i)    any discoverable witness statements;

    (j)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)     in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)     the name, address, and telephone number of any person who may be designated as a responsible third party.

## M. SPOLIATION

22.     Defendants are hereby requested to retain any and all witness statements, incident reports, photographs, facsimiles, email, voice mail, text messages, and any electronic image or information related to the referred incident and all investigative materials associated with this claim, together with all surveillance tapes/video of the premises on the date of this incident.  Plaintiff further requests Defendants provide a copy of the surveillance video.

## N. PRAYER

23.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendants, jointly and severally, a sum over $200,000.00 but less than $1,000,000, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

**RICHARD JASON NAVA**
SBN: 24083552
4909 Bissonnet St., Suite 100
Bellaire, Texas  77401
713/661-9900
713/666-5922 Facsimile
Email: eservicerjn@stern-lawgroup.com

**ATTORNEY FOR PLAINTIFF**

42986.01

-8-